MARRERO, DEMANDANTE Y APELADO, *v.* GARAGE MAYAGÜEZ, INC., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2765.—Resuelto en mayo 28, 1923.

JURISDICCIÓN DE LAS CORTES MUNICIPALES—SENTENCIAS NULAS POR FALTA DE JURISDICCIÓN — APELACIONES PROCEDENTES DE CORTES MUNICIPALES — COBRO DE DINERO—ACCIÓN REDHIBITORIA—RESCISIÓN DE CONTRATOS.—No es la de cobro de dinero, sino la redhibitoria a que se refiere el artículo 1389 del Código Civil, la acción que ejercita el comprador de un automóvil que por haber resultado inservible lo entregó al vendedor y reclama el cobro de $450 pagados a cuenta de los $1,000 que importa el automóvil. Solicitándose, pues, la rescisión de un contrato cuya cuantía excede de $500, la sentencia dictada en apelación procedente de una corte municipal es nula porque careciendo de jurisdicción para conocer del caso originalmente la corte municipal, la de distrito carecía de jurisdicción para conocer del mismo en grado de apelación.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Benet & Souffront.*

Abogado del apelado: *Sr. J. Sabater.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La sentencia apelada en este caso fué dictada por la Corte de Distrito de Mayagüez conociendo en grado de apelación de una sentencia de la corte municipal de dicha ciudad, y la parte demandada apelante alega como error que la corte municipal no tuvo jurisdicción para conocer de este

pleito y que por esto la corte de distrito tampoco la tiene para decidirlo en grado de apelación.

Se alega en la demanda presentada en la corte municipal que el demandante compró a la corporación demandada un camión automóvil para dedicarlo al transporte de mercancías por precio de mil dólares de los cuales pagó $450 en el momento de la entrega, debiendo pagar otros $50 en el término de ocho días, quedando aplazados los $500 restantes para tres meses después, y que desde el primer momento que recibió el camión no sirvió ni funcionó por lo cual a los seis días de recibido lo entregó a la demandada quien se niega a devolverle los $450 recibidos y a cancelarle la obligación que le suscribió por los $500 pendientes de pago, por lo que solicitó del tribunal que condenase a la demandada a pagarle dichos $450 con intereses. Adujo la demandada como excepción previa que la corte municipal no tenía jurisdicción para decidir el pleito por razón de su cuantía porque las alegaciones de la demanda demuestran que se trata de la rescición de un contrato de compraventa por precio de mil dólares, pues la condena solicitada por el demandante anularía la obligación de pagar los $500 restantes y obligaría a la demandada a quedarse con el automóvil.

Tiene razón la apelante pues aunque la demanda se titula como acción en cobro de dinero, y aunque se pide solamente que se condene a la demandada a pagar $450, tal condena tendría que fundarse, de acuerdo con las alegaciones de la demanda y con la ley aplicable, en el incumplimiento por la parte apelante de su contrato de venta por haber entregado un camión que no sirve ni funciona, sería necesaria consecuencia de la rescisión del contrato y produciría el efecto de anular la obligación por $500 y que la apelante se quedara con el camión, pues de otro modo no podría ser condenada la demandada a devolver la parte recibida del precio. Tan cierto es esto que el demandante expone en la alegación quinta de su demanda que ha requerido a la demandada para

que le devuelva los $450 y la obligación de los $500 que se comprometió a pagarle. La acción, en verdad, es la redhibitoria por vicios ocultos en la cosa vendida que concede al comprador el artículo 1389 del Código Civil, según reconoce la parte apelada en su alegato, para optar entre desistir del contrato o rebajar una cantidad proporcional del precio, a juicio de peritos, habiendo elegido el demandante en este caso el primero de dichos medios, pues solicita la devolución de la cantidad que entregó por lo que la contienda entre las partes, versa sobre el incumplimiento de un contrato cuya cuantía de mil dólares es superior a la que pueden decidir las cortes municipales, y por tanto la que conoció originalmente de este asunto actuó sin jurisdicción por la materia de la controversia, y no teniendo la corte municipal jurisdicción sobre el asunto no la tuvo tampoco la corte de distrito para conocer de él en grado de apelación.

La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda por falta de jurisdicción de la corte municipal.

*Revocada la sentencia apelada y declarada sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.